## Wapner's License

*Arnold M. Blumberg*, for petitioner.

*Thomas I. Guerin*, for Pennsylvania Liquor Control Board.

SLOANE, J., May 15, 1939.—This is an appeal to the court of quarter sessions from the action of the Pennsylvania Liquor Control Board in revoking a restaurant liquor license issued to Leon Wapner and Harry Feinberg for premises 312 South Fifth Street, Philadelphia.

A hearing was held "de novo": Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended

by the Act of June 16, 1937, P. L. 1762, 47 PS §744-410.

The basis of the revocation is the charge that the licensees permitted or acquiesced in the selling of "numbers" on the premises by a man identified as "John". The enforcement officers say they played a "number" on a few occasions, in the presence of one or the other or both the licensees. The licensees deny the charge.

The credibility of witnesses and the weight to be given their testimony is for us: Samson's Appeal, 124 Pa. Superior Ct. 110, 115.

We believe the enforcement officers; there is no reason to doubt their integrity or accuracy. They performed their duties as officers should. We should not increase their burden or "suffer their morale" by weakening their efforts toward law enforcement through shadows over their testimony.

The licensees should be penalized. The one doubt in this case is that to our mind the board was too rigorous in its punishment. It revoked the license of licensees who have had their first black mark. Their reputation in business is good; they produced many witnesses who eat frequently on the licensed premises, and who testified to the good order and conduct of the business. Since it is a first offense, and in view of the good reputation of the business, it would seem to be too strict a punishment to revoke a license, including as it does, as an aftermath, the inability to get a license for three years, the probable forfeiture of the bond, and the probable inability to license the particular premises for a year.

We think suspension for a period is sufficient punishment and warning to these licensees. In this respect, we have precedent both of the board and the courts. See Miscellaneous Liquor Dockets, Appeals nos. 480, 487, 499, 516.

Justice will be served and adequate mete of punishment will be given if the license is suspended for a period of 20 days. We so order, and the action of the board is so modified. The licensees shall pay any costs of this appeal.